**Bernell LEWIS et al., Plaintiffs
and Appellants,**

v.

**KANAB CITY, a body politic and corporate
under the laws of the State of Utah,
Defendant and Respondent.**

No. 13529.

Supreme Court of Utah.

June 11, 1974.

Hans Q. Chamberlain, Cedar City, John S. Adams, of Adams & Kasting, Salt Lake City, for plaintiffs and appellants.

Robert L. Gardner, Kanab City Atty., Cedar City, for defendant and respondent.

TUCKETT, Justice:

This action was commenced by the plaintiffs whose properties were assessed by the defendant city pursuant to proceedings to establish a special improvement district. The plaintiffs filed their complaint in the district court seeking to have the proceedings establishing the special improvement district declared invalid. Kanab City moved for an order dismissing the complaint which was granted pursuant to Section 10–16–28, Utah Code Annotated 1953.

It appears that the trial court relied on the following provisions of the section above referred to:

(1) No assessment or proceeding in a special improvement district shall be declared void or set aside in whole or in part in consequence of any error or irregularity which does not go to the equity or justice of the assessment or proceeding. However, any party feeling aggrieved by an assessment or proceeding and who has not waived his objections thereto as provided in section 10–16–7 or 10–16–17 shall have the right to commence a civil action against the municipality to enjoin the levy or collection of the assessment or to set aside and declare unlawful the proceedings.

.    .    .    .    .    .

(3) After the expiration of such thirty-day period:

.    .    .    .    .    .

(b) No suit to enjoin the issuance or payment of the bonds, the levy, collection or enforcement of the assessments or in any other manner attacking or questioning the legality of the bonds or assessments may be instituted in this state and no court shall have authority to inquire into such matters.

On or about September 8, 1971, Kanab City gave notice of its intention to construct curb and gutter upon certain streets within the City. In compliance with the requirements of Chapter 16, Title 10, Utah Code Annotated 1953, the City gave notice of its intention to create a special improvement district which notice was published in a newspaper having general circulation within the City. The notice set forth the estimated cost to be paid by the property owners was $11,000.00 and approximately $3.35 per front foot for all abutting property. Pursuant to the notice a public hearing was had and protests and objections were heard by the City Council. The work of constructing the curb and gutter was commenced and completed and thereafter the City adopted an ordinance creating the special improvement district and assessing the property owners in amounts sufficient to cover the cost of the project to be borne by the abutting property owners. The total cost of the project amounted to $23,946.28 which was $12,946.28 more than the estimated cost contained in the initial notice. The front foot cost was far in excess of the $3.35 estimated in the initial notice. The record does not reveal that the City in addition to publishing the notice in a newspaper also complied with that provision of Section 10–16–6, U.C.A.1953, which reads as follows:

. . . In addition, not later than ten days after the first publication or posting of such notice, the notice shall be mailed, postage prepaid (1) addressed to each owner of property to be assessed within the special improvement district at the last known address of such owner using for such purpose the names and addresses appearing on the last completed real property assessment rolls of the county in which the property is located, and, (2) addressed to "owner" at the street number of each piece of improved property to be assessed.

On May 16, 1972, the City Council of Kanab adopted an ordinance which created the special improvement district and also levied a tax on the abutting property to defray the cost of installing the curb and gutter. The ordinance did not comply with the provisions of Section 10–16–17(1) in that it did not provide for a board of equalization and review. That portion of the statute reads as follows:

Before an assessment is levied, an assessment list shall be prepared designating each parcel of property proposed to be assessed and the amount of the assessment apportioned to such property as provided in this act. Upon completion of the assessment list, the governing body shall appoint a board of equalization and review consisting of three or more of the members of the governing body and give public notice of the completion of the assessment list and of the time and place of the holding of public hearings relating to the proposed assessments.

While it appears that the ordinance was published in a newspaper the record does not disclose that the following provision of sub-section (2) was complied with:

. . . In addition, not later than ten days after the first publication or posting of the notice, the notice shall be mailed, postage prepaid, (a) addressed to each owner of property to be assessed within the special improvement district at the last known address of such owner using for such purpose the names and addresses appearing on the last completed real property assessment rolls of the county in which the property is located and (b) addressed to "owner" at the street number of each piece of improved property to be assessed.

Failure of the ordinance to provide for a board of equalization and review as required by the statute above referred to and the failure of the City to substantially

comply with the statutes pertaining to the giving of notice are jurisdictional. Prior decisions of this court[1] as well as decisions from other jurisdictions support our conclusion that the deficiencies above mentioned in the procedures for the establishment of the special improvement district are jurisdictional and that the ordinance assessing the plaintiffs' various properties and the limitations specified in Section 10–16–28, U.C.A.1953, do not apply.

The order of the court below dismissing the plaintiffs' complaint is reversed, and the case remanded for further proceedings. No costs awarded.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.

1. Jones v. Foulger, 46 Utah 419, 150 P. 933; Gwilliam v. Ogden City, 49 Utah 555, 164 P. 1022; Ryberg v. Lundstrom, 70 Utah 517, 261 P. 453.